**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
CAROL CALVAGNO, ANTHONY
CALVAGNO, KENNETH P. SILVERMAN,
ESQ., as Chapter 7 Trustee of Anthony Calvagno
and Carol A. Calvagno, **ADOPTION ORDER**
06-cv-2020 (ADS)(AKT)

       Plaintiffs,

    -against-

DEBORAH BISBAL, MITCHELL SIMS,
SCOTT SIMS, TINA FELLOWS, TRACY
GILLAN, REALTY REPORTS, KATHY
EISMAN, JOHN and JANE DOES 1-10, and
JOHN and JANE DOES 11-20,

       Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Silverman Acampora LLP**
*Attorneys for the Plaintiff Kenneth P. Silverman, Esq., as Chapter 7 Trustee of Anthony Calvagno and Carol A. Calvagno*
100 Jericho Quadrangle
Suite 300
Jericho, New York 11753
    By: David J. Mahoney, Esq., Of Counsel

**Andrea & Towsky, Esqs.**
*Attorneys for the Defendant Deborah Bisbal*
320 Old Country Road, Suite 202
Garden City, NY 11530
    By: Frank A. Andrea, III., Esq., Of Counsel

**Borda, Kennedy, Alsen & Gold, LLP**
*Attorneys for the Defendant Deborah Bisbal*
1805 Fifth Avenue
Bay Shore, NY 11706
    By: Michael C. Kennedy, Esq., Of Counsel

**Robert J. Barsch, Esq.**
*Attorney for the Defendant Mitchell Sims*
Po Box 488
Levittown, NY 11756

**Law Offices of Scott R. Cohen**
*Attorneys for the Defendant Tracy Gillan*
One Old Country Road
Carle Place, NY 11514
    By: Scott R. Cohen, Esq., Of Counsel

**Law Offices of David M. Namm**
*Attorneys for the Defendant Realty Reports*
600 Old Country Road
Suite 300
Garden City, NY 11530
    By: David M. Namm, Esq., Of Counsel

**Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP**
*Attorneys for the Defendant Kathy Eiseman*
1111 Marcus Avenue
Suite 107
Lake Success, NY 11042
    By: Keith J. Singer, Esq., Of Counsel

**Crowell & Moring LLP**
*Attorneys for the Defendants John and Jane Does 1-10*
153 East 53rd Street
31st Floor
New York, NY 10022
    By: Timothy J. Fierst

**NO APPEARANCES:**

*The Plaintiffs Carol Calvagno and Anthony Calvagno Pro Se*

*The Defendants Scott Sims, Tina Fellows, and John and Jane Does 11-20 Pro Se*

**SPATT, District Judge**.

    Familiarity with the complicated procedural history of this case, commenced in 2006, is presumed.

    On November 13, 2013, after more than four years of inactivity on the docket, United

States Magistrate Judge A. Kathleen Tomlinson directed the parties to file a status report within one week of that date.

Judge Tomlinson received status reports from counsel for the Plaintiff Kenneth P. Silverman, Esq., former Chapter 7 trustee of the Plaintiffs Carol and Anthony Calvagno (the "Calvagnos"); the Defendant Realty Reports; the Defendant Kathy Eisman; and former parties Richard Kanter and Gastwirth, Mirsky & Stein ("Gaswirth"). Counsel for Realty Reports, Eisman, Kanter, and Gastwirth related that this case had been settled as to their respective clients and former clients years earlier. The Calvagnos, who apparently were previously represented by counsel in this matter, did not submit a status report.

According to Silverman's prior counsel, while the estate's claims against most of the named defendants had been resolved, Silverman was apparently unable to resolve the claims asserted by the Calvagnos against the Defendants Mitchell Sims, Scott Sims, and the former Defendants Gary Shusterhoff and Southern Star Mortgage Company. Silverman had closed the underlying bankruptcy case and abandoned any remaining claims back to the Calvagnos.

On December 3, 2013, Judge Tomlinson issued an order directing the Calvagnos to show cause why the Court should not dismiss the remaining claims tendered back to them by Silverman. Judge Tomlinson directed the Calvagnos to appear before her on December 20, 2013. Judge Tomlinson formally placed the Calvagnos on notice that any failure to appear at that hearing would result in her recommendation to this Court that their case be dismissed with prejudice based on their abandonment of and failure to prosecute their claims.

Judge Tomlinson mailed copies of the December 3, 2013 Order to Show Cause to the Calvagnos by first-class mail and certified mail, return receipt requested, to 359 Old Country Road, Deer Park, NY 11729. The certified mail copies of the Order to Show Cause mailed to the

3

Calvagnos were subsequently returned to the Court as undeliverable. The first-class mail copies were not returned.

The Calvagnos failed to appear at the Order to Show Cause hearing on December 20, 2013. On December 26, 2013, the Court issued an Amended Order to Show Cause scheduling a hearing for January 22, 2014 directing the Calvagnos to show cause why this action should not be dismissed based upon their apparent abandonment of any remaining claims in this case. Again, Judge Tomlinson placed the Calvagnos on notice that any failure to appear at that hearing would result in her recommendation to this Court that their case be dismissed with prejudice based on their abandonment of their claims and failure to prosecute those claims.

Judge Tomlinson mailed copies of the Amended Order to Show Cause to the Calvagnos by first class mail and certified mail, return receipt requested, to 2 Smith Street, Deer Park, NY 11729. The copies of the Amended Order to Show Cause mailed to the Calvagnos by certified mail were subsequently returned to the Court as undeliverable, just prior to the January 22, 2014 hearing. However, copies of the December 20, 2014 Order to Show Cause and the December 26, 2014 Amended Order to Show Cause delivered by first-class mail were not returned to the Court.

The Calvagnos failed to appear at the hearing on January 22, 2014, at which time, Judge Tomlinson noted on the record that the Calvagnos had not attempted in any way to communicate with the Court. Judge Tomlinson expressed her intention to recommend that this Court dismiss the case with prejudice.

On April 11, 2014, Judge Tomlinson issued a written Report recommending that the Calvagnos' claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Judge Tomlinson stated that she "ha[d] no alternative but to recommend to District Judge Spatt that the Calvagnos' case be dismissed based on their failure to comply with this Court's Orders as well as

4

their failure to prosecute their claims." (Docket No. 320.) Judge Tomlinson noted the Calvagnos' "history of non-compliance with the Court's Orders in failing to appear at mandatory Court conferences, failing to communicate in any way with the Court, and failing to prosecute their claims." (Id.) Judge Tomlinson mailed a copy of the Report and Recommendation to the Calvagnos at 359 Old Country Road, Deer Park, NY 11729 by first class mail and certified mail, return receipt requested.

Judge Tomlinson's chambers then contacted counsel for Silverman, who provided a more recent address for the Calvagnos, 36 Patricia Avenue, Deer Park, New York 11729. Judge Tomlinson mailed another copy of the Report and Recommendation to this address. Aon April 23, 2014, an individual at that address signed a receipt of the Report and Recommendation.

By letter dated May 3, 2014, Carol Calvagno sent to the Court a hand-written note difficult to read, which the Court construes as an objection to the April 11, 2014 Report and Recommendation. As best as the Court can glean, Carol Calvagno was under the impression that this case was over but wants to pursue whatever claims remain. It appears her husband, co-Plaintiff, Anthony Calvagno, died on October 12, 2012.

"Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate Judge's Report and Recommendation to which a party specifically objects." Russell v. Colvin, No. 5:13-CV-1030 (MAD)(CFH), 2015 WL 570828, at *2 (N.D.N.Y. Feb. 11, 2015). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, No. 06 Civ. 13320(DAB)(JCF), 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations

and interior quotation marks omitted); DiPilato v. 7–Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009)(same).

With this standard in mind, and after having reviewed the objections, the Court adopts Judge Tomlinson's Report and Recommendation that this case be dismissed for failure to comply with court order's and failure to prosecute the claims. Carol Calvagno's letter regarding her personal travails, while sympathetic, does not rise to a level of a legally cognizable justification for not dismissing this case, particularly where she failed to prosecute this action for four years. The Clerk of the Court is respectfully directed to close this case and to mail a copy of this Adoption Order to the Plaintiff Carol Calvagno at 36 Patricia Avenue, Deer Park, New York 11729 by first class mail and certified mail, return receipt requested.

**SO ORDERED.**

Dated: Central Islip, New York
March 4, 2015

                                           _*Arthur D. Spatt*_
                                           ARTHUR D. SPATT
                                           United States District Judge